## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., <br>           Plaintiff, <br>     v. <br> SC RAIL LEASING AMERICA, INC. <br> d/b/a SOUTHERN ILLINOIS <br> RAILCAR <br>           Defendants, <br>     v. <br> SEM MINERALS, L.P. <br>           Third-Party Defendant. | ) <br> ) <br> ) No.: 3:12-CV-00667-GPM-DGW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PROTECTIVE ORDER

**WILKERSON, Magistrate Judge:**

The following his hereby ORDERED:

The parties to this litigation, Plaintiff CSX Transportation, Inc. ("CSX"), Defendant, SC Rail Leasing America, Inc. d/b/a Southern Illinois Railcar ("SCR") and Third-Party Defendant, SEM Minerals, L.P. ("SEM"), (collectively the "Parties") do hereby enter into this Confidentiality Stipulation and Agreed Protective Order ("Order") as follows:

1.  The term "Discovery Material" shall mean all information, tangible items, electronic material and documents produced by any party or non-party in response to formal discovery requests or court orders in the federal proceeding, *CSX Transportation, Inc. v. SC Rail Leasing America, Inc., d/b/a Southern Illinois Railcar v. SEM Minerals, L.P.,* Civil Action No. 3:12-CV-00667-GPM-DGW, in the United States District Court for the Southern District of Illinois (the "Lawsuit"). For purposes of this Order, "Discovery Material" shall also include any affidavit, motion, memorandum, pleading, image, or other material that discloses

Discovery Material. This Order shall govern the handling of all such Discovery Material.

2. The term "Confidential Discovery Material" shall refer to all Discovery Material which has been designated in good faith by the producing party (the "Producing Party") as "Confidential" because such Discovery Material contains Confidential Information. "Confidential Discovery Material" shall also include Discovery Material designated by the Producing Party as "Confidential – Attorney Eyes Only." In designating information as "Confidential – Attorney Eyes Only," the Producing Party will make such a designation only as to that information that it in good faith believes contains highly sensitive business or technical information of the producing or designation party. The "Confidential – Attorney Eyes Only" category is more fully explained in paragraph 15 below, but is identified here as being part of "Confidential Discovery Material."

    (a) For purposes of this Order, "Confidential Information" is information in the possession of, prepared by, compiled by, or that is used by any of the Parties and (1) is proprietary to, or created by the Parties or any business with which the Parties are associated; (2) gives the Parties or any business with which the Parties are associated, or customers of the Parties or any business with which the Parties are associated, some competitive business advantage or the opportunity of obtaining such advantage, disclosure of which would be detrimental to the interest of the Parties or any business with which the Parties are associated, or customers of the Parties, or contains business planning information; or (3) is not typically disclosed by the Parties or any business with which the Parties are associated, or customers of the Parties, or any business with which the Parties associated, or known by persons who are not employed by the Parties, or their respective customers. Confidential Information is also information regarding former and current employees, and officers and independent contractors of the Parties, including information regarding their employment and/or termination therefrom, performance and compensation. Confidential Information shall also include any information pertaining to current, former and prospective clients of the Parties. Confidential Information shall also include any financial statements as to the Parties to the extent that such information has not already been publicly disclosed.

    (b) For purposes of this Order, "Affiliate" shall mean: (i) any person or entity

(or sub-unit of any entity) that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with the Parties or (ii) any vendor or contractor of the Parties.

3. No Discovery Material designated as "Confidential" hereunder or any copy, image, excerpt, or summary thereof shall be delivered or disclosed to any person except as hereafter provided. The contents of any such Confidential Discovery Material shall not be revealed except to persons authorized hereunder and except as so provided. This Order applies only to information furnished by parties and non-parties that is not otherwise publicly available.

4. All Confidential Discovery Material produced in the Lawsuit shall be used only for the prosecution and/or defense of this action or related actions, and any person in possession of Confidential Discovery Material shall maintain those materials in a reasonably secure manner so as to avoid disclosure of their contents.

5. Unless otherwise provided herein, the "Confidential" designation set forth in this Order must be made at or prior to the time of production of documents by, to the extent possible, stamping the word "Confidential" on the first page of the Discovery Materials to be deemed Confidential. Information provided in electronic format, to the extent possible, should be designated as "Confidential" by correspondence between counsel. Discovery Material produced prior to entry of this Order may be designated as "Confidential" by referencing the bates-label of such information in correspondence between counsel or, if the material contains no bates-label, by describing the information in correspondence between counsel.

6. The inadvertent or unintentional production of discovery containing Confidential Information that is not designated as Confidential Discovery Material at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of

confidentiality, either as to the specific discovery produced or as to any other discovery relating thereto or on the same related subject matter. Documents containing Confidential Information inadvertently or unintentionally produced without being designated as Confidential Discovery Material may be retroactively designated by notice in writing of the designated class of each document by Bates number or other adequate description and shall be treated appropriately from the date written notice of the designation is provided to the receiving party. To the extent that, prior to such notice, a party receiving the document or information may have disclosed it to others outside the parameters of this Order, the party shall not be deemed to have violated this Order, but the party shall cooperate with the designating party's effort to retrieve any document or information promptly from such person and to limit any further disclosure pursuant to this Order.

7. A party who has received Discovery Material (the "Receiving Party") that is designated as "Confidential" and who objects to the designation of any Discovery Material as Confidential Discovery Material, shall notify counsel for the Producing Party in writing of its objection. The Producing Party and the objecting Receiving Party shall attempt to resolve all objections by agreement. If any objections cannot be resolved by agreement, the Receiving Party shall have twenty-one (21) business days from the time in which the Receiving Party delivers its written objection to apply to the Court for a determination as to whether the Confidential designation is appropriate. Until an objection has been resolved by agreement of counsel or by order of the Court, the Discovery Material shall be treated as Confidential Discovery Material subject to this Order. In the event that a Receiving Party fails to apply to the Court for a determination as to whether the Confidential designation is appropriate within fourteen (14) business days of delivery of the written objection, the Discovery Material

to which the Receiving Party objected shall be treated as Confidential Discovery Material. The burden of proof in any proceeding regarding whether the designation of any document as "Confidential" is appropriate is at all times on the party designating the document as "Confidential."

      8.    No Receiving Party shall disclose, summarize, describe, characterize, or otherwise communicate Confidential Discovery Material except as permitted by this Order. Confidential Discovery Material shall not be disclosed, summarized, described, characterized, or otherwise communicated in any way to anyone except:

    a.    The Court, all Court personnel (including all court reporters employed in connection with this action) and all mediators;

    b.    Counsel of record in this action, and attorneys, paralegals, and other persons employed or retained by such counsel who are assisting in the conduct of this action;

    c.    Employees of the Parties or their Affiliates;

    d.    Actual and potential witnesses and deponents (and their counsel);

    e.    Experts, consultants and/or litigation support personnel (and employees of such experts or consultants) who are not employees of any party and who are retained or consulted for the purpose of being retained by any party in connection with this action;

    f.    Any other person upon order of the Court or upon all parties' written agreement; and

    g.    Any person who was either an original author or recipient of a document containing or constituting the Confidential Discovery Material.

All persons to whom Confidential Discovery Material is disclosed pursuant to Paragraphs 8 (c)-(g) above shall, prior to disclosure: (i) be advised that the Discovery Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof; and (ii) expressly agree to be bound by the terms of the Order.

Execution of a certification in the form attached as Exhibit A shall evidence such notification and agreement.

9. The Local Rules and practices for the United States District Court for the Southern District of Illinois shall govern any request by a party hereto to seal or otherwise restrict public access to any Discovery Material.

10. Nothing in this Order will be construed as limiting the Parties' right to object to any discovery or to object to the authenticity or admissibility of any evidence.

11. This Order will continue to be binding throughout and after the final disposition of this action. Within ninety days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, all persons having received Confidential Discovery Material will either return all Confidential Discovery Material and any copies thereof (including summaries and excerpts) to the opposing Party's attorney or destroy all such Confidential Discovery Material and certify in writing to the opposing Party's attorney to that fact. With regard to electronic copies of Confidential Discovery Material, there is no obligation to return or destroy copies that are not reasonably accessible because of undue burden or cost, but are within a Party's custody or control.

12. This Order shall not be construed to affect in any way the use, presentation, introduction or admissibility of any document, testimony, or other evidence at a deposition, trial or hearing in this arbitration; provided that any party may ask the Court to hold any proceeding in this lawsuit in camera on the ground that such proceeding will involve or relate to Confidential Discovery Material.

13. Nothing in this Order shall operate to require the production of documents, testimony, and other materials and information that are privileged or otherwise protected from

discovery.

14. If any party to this Agreement (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation seeking Confidential Discovery Material, the Receiving Party shall give written notice to the Producing Party's counsel of record of such subpoena, demand, or legal process within five (5) business days of receipt, and shall not produce any Discovery Material, unless Court-ordered, for a period of at least ten (10) business days after providing the required notice to Producing Party. If, within ten business (10) days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Confidential Discovery Material, the Receiving Party shall not thereafter produce such Confidential Discovery Material except pursuant to a Court order requiring compliance with the subpoena, demand, or other legal process. The Producing Party shall be solely responsible for asserting any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject himself or itself to any penalties for compliance with any legal process or order, or to seek any relief from this Arbitration Panel. Nothing herein shall prohibit the Receiving Party from producing Confidential Discovery Material to any law enforcement or governmental agency which is within the scope of such agency's request and after providing at least five (5) business days' notice to the Producing Party and after providing the Producing Party at least ten (10) business days to object to such production.

15. The Parties may also designate documents as "Confidential – Attorney Eyes Only." The Receiving Party may not disclose, summarize, describe, characterize, or otherwise

communicate documents or information designated as "Confidential – Attorney Eyes Only" to any persons other than those identified in ¶¶ 8(a), 8(b), 8(e), and 8(g) who are the only persons allowed to review such material. This category of documents is reserved for a very select group of documents and information and may only be used for that group of documents that have not been disclosed to the public and that, if disclosed to the public, may cause irreparable harm or damage to a party. The procedures for designating documents (¶ 5), objecting to any designation (¶ 7), designating deposition testimony as confidential (¶¶ 1 and 5) and filing "Confidential Materials" under seal (¶ 9), shall apply to documents designated "Confidential – Attorneys Eyes Only." Likewise, the duties and responsibilities the parties have to agree to permit retroactive designation (¶ 6), to notify the other party of a subpoena or order (¶ 14) and to return or destroy documents (¶ 11) shall apply to documents designated as "Confidential – Attorney Eyes Only."

16. The provisions of this Order may be modified upon application to the Court for good cause shown.

**DATED: April 18, 2013**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**

**AGREED:**

| **KEENAN COHEN & HOWARD, P.C.** | **SMITH AMUNDSEN, LLC** |
|---|---|
| By: /s/ Charles L. Howard<br>    Charles L. Howard<br>    165 Township Line Road<br>    One Pitcairn Place, Suite 2400<br>    Jenkintown, PA 19046<br>    E-Mail: choward@freightlaw.net<br>    *Attorney for Plaintiff,*<br>    *CSX Transportation, Inc.* | By: /s/ Timothy R. Muehleisen *(w/consent)*<br>    Timothy R. Muehleisen, Esquire<br>    12312 Olive Boulevard, Suite 100<br>    St. Louis, MO 63141<br>    E-Mail: tmuehleisen@salawus.com<br>    *Counsel for Defendant / Third-Party Plaintiff,*<br>    *SC Rail Leasing America, Inc.* |

**SCHMIEDESKAMP, ROBERTSON,**
**NEU & MITCHELL, LLP**
By: /s/ James A. Hansen *(w/consent)*
    James A. Hansen, Esquire
    525 Jersey Street, P.O. Box 1069
    Quincy, IL 62306-1069
    E-Mail: jhansen@srnm.com
    *Counsel for Third-Party Defendant, SEM Minerals, L.P.*

## EXHIBIT A

### ACKNOWLEDGEMENT

1. My name is _____. I live at_____.

2. I am aware that Confidentiality Stipulation and Agreed Protective Order has been entered in the lawsuit styled: *CSX Transportation, Inc. v. SC Rail Leasing America, Inc., d/b/a Southern Illinois Railcar v. SEM Minerals, L.P.,* Civil Action No. 3:12-CV-00667-GPM-DGW, in the United States District Court for the Southern District of Illinois, and a copy of the Order has been given to me.

3. I promise that any documents, information, materials or testimony, which are protected under the Confidentiality Stipulation and Agreed Protective Order entered in this case and designated as "Confidential Discovery Materials" will be used by me only in connection with the above-captioned matter.

4. I promise that I will not disclose or discuss such protected materials with any person other than those individuals permitted by the Confidentiality Stipulation and Agreed Protective Order to review such materials.

5. I understand that any use of such confidential documents, information, materials, or testimony obtained by me (or any portions or summaries thereof) in any manner contrary to the provisions of the Order may subject me to sanctions by the Court for violating the Confidentiality Stipulation and Agreed Protective Order.

_____
Signature

Printed Name:_____

SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____, 2013

_____

NOTARY PUBLIC, STATE OF _____.

_____
NOTARY'S PRINTED NAME

MY COMMISSION EXPIRES:_____